Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| NORTH SIGHT COMMUNICATIONS, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CIDRA; JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE CIDRA<br><br>Recurridos<br><br>MOUNTING COMMUNICATION, INC.<br><br>Proponente Seleccionado<br><br>SKYTEC, INC.<br><br>Otro Proponente | KLRA202400043<br><br>consolidado con | *RECURSO ADMINISTRATIVO* procedente de la Junta de Subastas del Municipio Autónomo de Cidra<br><br>Subasta número: 2023-2024-19<br><br>Sobre: Impugnación de Adjudicación de Subasta Núm. 2023-2024-19 sobre "Renglón Núm. 4 Adquisición de Equipo Radiofrecuencia para Sistema de Emergencias" |
|---|---|---|
| SKYTEC, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTONOMO DE CIDRA HON. ANGEL D. CONCEPCIÓN GONZÁLEZ; HON. JUNTA DE SUBASTAS DEL MUNICIPIO AUTONOMO DE CIDRA<br><br>Recurrido<br><br>MOUNTING COMMUNICATION, INC.<br><br>Proponente Seleccionado-Parte interesada<br><br>NORTH SIGHT COMMUNICATIONS, LLC. | KLRA202400053 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subasta del Municipio Autónomo de Cidra<br><br>Subasta Núm.: 19, Serie 2023-2024<br><br>Sobre: Impugnación de Adjudicación y de Notificación de Adjudicación de Subasta Núm. 19, Serie 4, para la Adquisición de Equipo de Radiofrecuencia para Sistema de Emergencia |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

Número Identificador

SEN2024 _____

Comparece la parte recurrente, North Sight Communications, LLC y Skytec, Inc., mediante los recursos KLRA202400043 y KLRA202400053, posteriormente consolidados, y nos solicitan la revisión de la notificación emitida por la Junta de Subastas del Municipio Autónomo de Cidra el 22 de enero de 2024. Mediante la misma, el referido organismo notificó la adjudicación de subasta a favor de Mounting Communication, Inc.

Por los fundamentos que expondremos a continuación, se desestiman los presentes recursos de revisión judicial por academicidad.

I

El 14 de noviembre de 2023, la Junta de Subastas del Municipio Autónomo de Cidra (Junta o recurrida) publicó un *Aviso de Subasta* en un periódico de circulación general, en el cual se solicitó propuestas para la adquisición de equipo de radiofrecuencia para sistema de emergencias.[1] Conforme surge de los documentos de autos, hasta el 13 de diciembre de 2023, la Junta recibió propuestas por Skytec, Inc. (Skytec), North Sight Communications, LLC (NSC) (recurrentes) y Mounting Communication, Inc. (MC) en calidad de licitadores. Evaluadas las propuestas, el 22 de enero de 2024, la Junta emitió y notificó la *Notificación de Adjudicación* que nos ocupa, a favor de MC.[2]

Inconforme, el 29 de enero de 2024, NSC acudió ante esta Curia, mediante el recurso KLRA202400043, señalando el siguiente error:

> Erró la Junta de Subastas del Municipio al adjudicar la buena pro de la [s]ubasta a Mounting, debido a que Mounting no cumplió con someter la fianza (Bid Bond) por la cantidad requerida en los documentos de la [s]ubasta y, por ende, debió ser descalificado.

En específico, NSC planteó que MC incumplió con el requisito de proveer una fianza por el cinco por ciento (5%) del total de su oferta, por lo que procedía descalificarlo. Asimismo, sostuvo que Skytec también incumplió con varios requisitos y especificaciones de la subasta en cuestión. Alegó que procedía rechazar la oferta de este último porque

---

[1] Apéndice 1 del recurso, pág. 1.
[2] Apéndice 9 del recurso, págs. 478-481.

incumplió con completar y suministrar toda la información requerida en los documentos y anejos de su oferta, según requerido por la Junta.

Igualmente insatisfecho, el 1 de febrero de 2024, Skytec acudió ante nos, mediante el recurso KLRA202400053, señalando los siguientes errores:

> Erró la Junta de Subastas al adjudicarle la buena pro a Mounting aunque este no cumplió con los requisitos mandatorios, por lo que procedía su descalificación.

> Erró la Junta de Subastas al emitir una Notificación de Adjudicación que no fundamentó la determinación ni cómo los licitadores cumplieron o incumplieron con los requisitos y condiciones impuestas en el aviso y los pliegos.

En particular, Skytec argumentó que la Junta no podía adjudicarle la subasta a MC, toda vez que este no proveyó la fianza requerida, sino una cantidad menor al cinco por ciento (5%) solicitado. A su vez, arguyó que MC tampoco produjo las declaraciones juradas sobre litigios pendientes y la certificación de que no había radicado quiebras. Por otro lado, adujo que NSC no incluyó en su propuesta la carta sobre línea de crédito o evidencia de fondos requeridos, ni los estados financieros intermedios, por lo que no fue responsivo.

En cumplimiento con nuestras *Resoluciones* del 1 y 9 de febrero de 2024, NSC compareció al recurso KLRA202400053, mediante *Alegato en Oposición de North Sight Communications, LLC*, el 28 de febrero de 2024. Por su parte, Skytec compareció al recurso KLRA202400043, mediante *Alegato en Oposición de Skytec[,] Inc.*, el 6 de marzo de 2024.

Así las cosas, luego de la extensión de los términos concedidos para ello, el 25 de marzo de 2024, el Municipio Autónomo de Cidra compareció mediante *Moción en Cumplimiento de Orden y Posición en Cuanto al Recurso Instado* y presentó junto a esta una copia certificada del expediente administrativo. En esencia, indicó que, el 21 de marzo de 2024, emitió y notificó un *Aviso de Cancelación de Adjudicación*, mediante el cual canceló la otorgación de la subasta en cuestión. Sostuvo que dicha cancelación fue en sus mejores intereses, toda vez que no tenía la necesidad de los servicios según propuestos en el pliego de la subasta y

no contaba con la totalidad de los fondos propuestos. En virtud de ello, solicitó que se declararan No Ha Lugar los recursos por academicidad, ya que la subasta había sido cancelada conforme a derecho.

El 17 de abril de 2024, emitimos una *Resolución* mediante la cual le otorgamos un término a la parte recurrente para mostrar causa por la cual no debíamos desestimar los recursos por academicidad ante la cancelación de la subasta.

Luego de varios trámites procesales, el 26 del abril de 2024, Skytec presentó una *Moción en Cumplimiento de Orden*. Indicó no tener objeción en contra de la desestimación de los recursos por academicidad. Por su parte, el mismo día, NSC presentó una *Moción para que se Ordene a los Recurridos la Notificación de la Moción de Desestimación*. En síntesis, reiteró los argumentos planteados en un escrito previo, en el que solicitó la aclaración de nuestra orden de mostrar causa, la cual aclaramos mediante *Resolución* del 22 de abril de 2024. En esencia, NSC erróneamente entendía que la desestimación por academicidad fue a petición de una parte, sin tomar en consideración que el Reglamento del Tribunal de Apelaciones expresamente provee para que esta Curia desestime *motu proprio* por varias instancias, entre ellas, por academicidad. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

Con el beneficio de la comparecencia de las partes, así como con la copia certificada del expediente administrativo, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder

mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

Sabido es que los tribunales solo pueden resolver casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011). El principio de

la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Conforme a dicho principio, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 583-584 (1958).

La doctrina de la academicidad constituye una de las manifestaciones de la justiciabilidad. *Super Asphalt v. AFI y otro*, supra. Una controversia es académica cuando los acontecimientos y cambios fácticos tornan en ficticia su solución, de tal modo que un fallo del tribunal no tendría efectos prácticos. *Amador Roberts et als. v. ELA*, 191 DPR 268, 283 (2010), citando a *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). Por tal razón, se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Super Asphalt v. AFI y otro*, supra, pág. 816; *Pres. del Senado*, 148 DPR 737, 759 (1999). Cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso, pues deja de ser justiciable y, en su consecuencia, no es apto para la intervención judicial. *Íd*. Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935-936 (1993).

Ahora bien, la doctrina de academicidad admite excepciones que operan cuando: (1) se plantea una cuestión recurrente que tienda a evadir la revisión judicial; (2) la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente; y (3) subsisten consecuencias colaterales vigentes. *Bhatia Gautier v. Gobernador*, supra, págs. 74-75; *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 983 (2011).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que haya advenido académico, así como para la desestimación *motu proprio* por esta Curia. En lo pertinente, la referida regla establece lo siguiente:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) Que el Tribunal de Apelaciones carece de jurisdicción.
(2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
(3) Que no se ha presentado o proseguido con diligencia o de buena fe.
(4) Que el recurso es frívolo y surge claramente que no se ha presentado controversia sustancial o que ha sido interpuesto para demorar los procedimientos.
(5) **Que el recurso se ha convertido en académico.**

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta regla.

[…] (Énfasis nuestro).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar la aplicabilidad de la doctrina de academicidad a los casos de autos. Veamos.

Conforme surge de los expedientes de autos, esta Curia carece de autoridad para entender sobre los méritos de la cuestión que la parte recurrente propone en sus señalamientos de error, toda vez que la misma

no es de carácter justiciable. De los documentos sometidos ante nuestra consideración, se desprende que la parte recurrente solicitó la revisión judicial de la *Notificación de Adjudicación* emitida por la Junta el 22 de enero de 2024. Al revisar la *Moción en Cumplimiento de Orden y Posición en Cuanto al Recurso Instado*, así como el expediente administrativo certificado, presentado por la parte recurrida, tomamos conocimiento del *Aviso de Cancelación de Adjudicación* emitido por la Junta el 21 de marzo de 2024, mediante el cual canceló la otorgación de la subasta objeto de la revisión judicial de epígrafe. Tomando en consideración los asuntos presentados por los licitadores aquí recurrentes, así como la totalidad de los documentos a nuestro haber, colegimos que entre los comparecientes ya no existe una controversia real que amerite el ejercicio de nuestras funciones judiciales. Por consiguiente, resulta forzoso resolver que la controversia de autos se tornó académica, ello por no existir intereses antagónicos entre las partes que ameriten la intervención de la maquinaria judicial.

A tenor con lo antes expuesto, en ausencia de disputa legítima entre los aquí comparecientes, así como la inaplicabilidad de las excepciones a la doctrina de academicidad, resulta improcedente emitir una expresión sobre los errores señalados, toda vez que no ha de incidir sobre sus derechos.

**IV**

Por los fundamentos que anteceden, desestimamos los presentes recursos de revisión judicial por academicidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones